UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**DAEANYRA TRAVIS, ET AL.**                                                        PLAINTIFFS

v.                                                                         No. 5:23-cv-4-BJB

**AMERICAN BANKERS INSURANCE**                                              DEFENDANTS
**COMPANY OF FLORIDA, ET AL.**

\* \* \* \* \*

## ORDER

Daeanyra Travis, Draven Gilbert, and the Estates of Pamela and William Gilbert sued several defendants in state court over an insurance proceeds dispute arising from the devastating tornado that hit Mayfield, Kentucky in December 2021. Two defendants, American Bankers Insurance Company of Florida and Kristen Lewis, removed this state-law case from Graves Circuit Court. At the time, the estate of Jamey Waggoner—a potential beneficiary of the insurance claims and named co-defendant—hadn't been officially opened and therefore arguably wasn't a defendant for purposes of diversity jurisdiction in this court. *See* Opposition to Remand (DN 16) at 2. And according to American Bankers Insurance Company and Lewis, the other defendants—Terry Plunkett and Leigh Pruitt—had not been properly joined and served. DN 1 at 3; *see Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) (only defendants properly before the court must consent to removal).

Since then, much has happened: the Plaintiffs moved to remand the case back to Graves Circuit Court, some defendants answered and cross-claimed, the parties resolved the claims against Lewis, the Court dismissed Lewis from the case, and the Waggoner Estate now has a personal representative under state law. After briefing on the remand motion, the parties agreed to allow the plaintiffs to amend the complaint to formally add the Waggoner Estate as a defendant—and this Court orally granted that consent motion. DN 21.

At the same hearing, the parties agreed that the Waggoner Estate is (now) a citizen of Kentucky for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."). Regardless of whether the Plaintiffs sued the Waggoner Estate prematurely, *see* Kentucky Revised Statute § 395.270, and regardless of whether removal was appropriate at the time, *see generally* 28 U.S.C.

§ 1441(b)(2), the parties are no longer completely diverse, *see, e.g.*, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); 28 U.S.C. § 1332.  So this Court now lacks subject-matter jurisdiction and must remand the case to state court. *See, e.g.*, *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106 (8th Cir. 2023) (timing of service of non-diverse defendants—related to so-called "snap removal"—doesn't override requirement of complete diversity).